UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-80771-CIV-ROSENBERG/REINHART

ROBERT W. OTTO and JULIE H.
HAMILTON,

        Plaintiffs,

vs.

CITY OF BOCA RATON,
FLORIDA and COUNTY OF PALM
BEACH, FLORIDA,

        Defendants.
_____/

## ORDER MEMORIALIZING COURT RULINGS
## AT DISCOVERY HEARING AND SETTING DEADLINE

**THIS CAUSE** has come before this Court upon an Order referring all discovery motions to the undersigned United States Magistrate Judge. DE 11.

Plaintiffs are licensed medical and family therapists practicing in Palm Beach County, Florida. They filed the instant suit, *inter alia,* to enjoin enforcement of Palm Beach County Ordinance 2017-046 ("the County Ordinance"), which prohibits certain medical professionals from providing to minors therapy relating to sexual orientation or gender conversion. DE 1. The District Court authorized the parties to engage in limited discovery in preparation for a preliminary injunction hearing. Defendant served each Plaintiff with 24 interrogatories. The respective sets of interrogatories were identical. Plaintiffs object to Interrogatories 3, 4, 11, 12, 20, 21, and 22 on Fifth Amendment grounds. They object to Interrogatory 19 as premature. Pursuant to the procedures mandated in this Court's Standing Discovery Order [DE 12], the

parties filed a Joint Discovery Memorandum [DE 63] which summarizes the objections. A discovery hearing was held on August 28, 2018.

## APPLICABLE LEGAL PRINCIPLES

The Florida Constitution authorizes "[t]he governing body of a county operating under a charter [to] enact county ordinances not inconsistent with general law." Fla. Const. Art. 8 §1. Palm Beach County operates under a County Charter that was adopted in 1984. *See* http://discover.pbcgov.org/PDF/Publications/Charter.pdf. The County Ordinance was enacted on December 19, 2017. DE 1 at ¶30. It took effect on December 21, 2017. *Id.* at ¶31. The preamble to the County Ordinance asserts in relevant part, "Palm Beach County has a compelling interest in protecting the physical and psychological well-being of minors, including but not limited to lesbian, gay, bisexual, transgender and questioning youth, and in protecting its minors against exposure to serious harms caused by sexual orientation and gender identity change efforts." DE 1-5 at 5. It further asserts, "minors receiving treatment from licensed therapists in Palm Beach County who may be subject to conversion or reparative therapy are not effectively protected by other means, including, but not limited to, other state statutes, local ordinances, or federal legislation." *Id.*

Plaintiffs object on Fifth Amendment grounds to providing any information about Plaintiffs' "speech or conduct after enactment of the Ordinance . . . [because the County Ordinance] purports to impose criminal penalties for any violation, whether knowing or unknowing." *See, e.g.,* DE 63-1 at 3, 10, 11, 16-17. Defendant asserts that the County Ordinance imposes only a civil penalty, not a criminal penalty that implicates the Fifth Amendment. DE 63 at 2.

The Self-Incrimination Clause of the Fifth Amendment only applies if the proceeding in question involves criminal punishment. *U.S. v. Ward,* 448 U.S. 242, 248 (1980). A two-part test is used in deciding whether a Government enforcement scheme is criminal or civil: (1) did the enacting body intend to impose a criminal or civil penalty, and (2) even if the intent was to impose a civil penalty, is the punitive effect so great that it negates that intention. *Id.* (applying self-incrimination clause); *accord Smith v. Doe,* 538 U.S. 84 (2003)(applying *ex post facto* clause); *U.S. v. W.B.H.,* 664 F.3d 848, 853 (11th Cir. 2011)(*ex post facto* clause).

The first prong of the test "is a question of statutory construction, and in answering it we look at 'whether the legislature in establishing the penalizing mechanism, indicated either expressly or impliedly a preference for one label or another. There are a number of considerations we take into account, such as the plain language of the statute, the legislative intent, and the manner of the statute's codification." *W.B.H.,* 664 F.3d at 854. In applying the second part of the test, the court must apply the seven factors enumerated in *Kennedy v. Mendoza-Martinez,* 372 U.S. 144, 168-69 (1963). The *Mendoza-Martinez* factors are "neither exhaustive nor dispositive." *Ward,* 448 U.S. at 249. A legislatively-intended civil penalty will be transformed into a criminal punishment only upon "the clearest proof." *See, e.g., Id.*

## DISCUSSION

The Court finds that the County Ordinance imposes a civil penalty, not a criminal one. As such, the Fifth Amendment is not implicated and Plaintiff's objections to Interrogatories 3, 4, 11, 12, 20, 21, and 22 are overruled. The County Ordinance contains the following three sections that relate to punishment or enforcement:

> **SECTION 5. VIOLATIONS:**
>
> It shall be unlawful for any Provider to engage in conversion therapy on any minor regardless of whether the Provider receives monetary compensation in exchange for such services.
>
> **SECTION 6. PENALTIES:**
>
> Pursuant to section 125.69, Florida Statutes, a violation of this ordinance shall be prosecuted in the same manner as misdemeanors are prosecuted.  A violation of any provision of this Ordinance shall be punished by a fine of $250.00 for the first violation and $500.00 for each repeat violation.
>
> **SECTION 7. ENFORCEMENT**
>
> In addition to the penalties set forth in Section 6 of this Ordinance, pursuant to section 125.69(4), Florida Statutes, this Ordinance is enforceable by the County's Code Enforcement Officers and by all means provided by law.  Additionally, Palm Beach County may choose to enforce this Ordinance by seeking injunctive relief in the Circuit Court of Palm Beach County.

*See* Exhibit B to Verified Complaint, DE 1-5 at p. 7.

Plaintiffs argue that Section 6's references to the County Ordinance being "prosecuted in the same manner as misdemeanors are prosecuted" and being "punished" through a monetary fine evince the County Commission's intent to impose a criminal punishment.  DE 63 at 3-4.  The Court disagrees.

The Court finds that the County Commission intended to create a civil monetary penalty, not a criminal sanction.  In discerning this intent, the Court relies on the Commission's stated reasons for the ordinance, as well as the structure and language of the ordinance.

The justification for the ordinance is to protect the physical and psychological well-being of certain minors, which is not a punitive purpose. In *W.B.H.,* the Eleventh Circuit found that a sex offender registration statute did not have a criminal purpose; as part of its analysis, it accepted Congress' finding that the statute was justified by the need to "protect society, particularly children, from sexual offenders." 664 F.3d at 854. Similarly, here there is no basis in the record to question the County Commission's stated non-criminal purpose of protecting minors.

In addition, it is notable that the County Commission could have included a sentence of incarceration as a penalty for violating the County Ordinance, but did not. Florida Statute 125.69(1), which is cited in Section 6, states in relevant part:

> Violations of county ordinances shall be prosecuted in the same manner as misdemeanors are prosecuted. Such violations shall be prosecuted in the name of the state in a court having jurisdiction of misdemeanors by the prosecuting attorney thereof and upon conviction shall be punished by a fine not to exceed $500 *or* by imprisonment in the county jail not to exceed 60 days *or* by both such fine and imprisonment.

(emphasis added). Here, although the County Commission clearly was aware of Section 125.69(1), it elected not to make a violation of the County Ordinance punishable by imprisonment. This choice strongly indicates an intent to impose only a civil penalty.

Contrary to Plaintiff's argument, the reference in Section 6 to violations being "prosecuted in the same manner as misdemeanors" does not indicate an intent to impose criminal sanctions. Rather, it merely tracks Section 125.69(1), which is the enabling statute. The second sentence of Section 125.69(1) clarifies that the instruction to prosecute "in the same manner as

misdemeanors are prosecuted" refers to the forum and parties for any enforcement action – it must be brought in the name of the state, by the local prosecuting attorney, and in a court with jurisdiction over misdemeanor cases.  Section 125.69(1) does not convert all county ordinance violations into misdemeanors.

Further support for this conclusion is found in the legislative history of Section 125.69(1).  Prior to being amended in 1979, it read:

> Violations of county ordinances *are misdemeanors* and shall be prosecuted in the name of the state in a court having jurisdiction of misdemeanors by the prosecuting attorney thereof, and upon conviction shall be punished by a fine not to exceed $500.00 or by imprisonment in the county jail not to exceed 60 days or by both fine and imprisonment.

Fl. Stat. § 125.69(1) (1978) (emphasis added).  Therefore, prior to 1979, state law mandated that county ordinance violations "are misdemeanors," that is, are crimes.  The amendment changed this language.  It retained the structural requirements for where and by whom enforcement actions must be brought.  It gave individual counties discretion about what penalties to impose.

The fact that Section 7 authorizes code enforcement officers to enforce the County Ordinance also suggests an intent to create a civil, rather than criminal, punishment.  As their name suggests, code enforcement officers are primarily engaged in enforcing civil regulatory schemes.  Section 125.69(4), which is cited in the County Ordinance, states in pertinent part, "Nothing in this subsection shall be construed to authorize any person designated as a code inspector to perform any function or duties of a law enforcement officer other than as specified in this subsection.  A code inspector shall not make physical arrests or take any person into custody."  Fla. Stat. § 125.69(4)(f).

6

The County Ordinance also authorizes an injunctive enforcement action, which is not a criminal proceeding. Certainly, a legislative body could enact parallel criminal and civil enforcement tools in the same ordinance. Nevertheless, here, combining the injunctive remedy with the other factors discussed above reinforces this Court's conclusion that the County Commission intended to create a purely civil regulatory scheme.

Finally, the County Commission's use of the verb "punished" does not indicate an intent to create a criminal sanction. A civil fine, which consists of taking a citizen's money as a consequence of prohibited behavior, easily fits the definition of a "punishment." *See* Black's Law Dictionary, 9th Ed. (2009)(defining "punishment" as "A sanction – such as a fine, penalty, confinement, or loss or property right, or privilege – assessed against a person who has violated the law"); *accord U.S. v. One Assortment of 89 Firearms,* 465 U.S. 354, 364 n.6 (1984) ("[B]oth criminal and civil sanctions may be labeled 'penalties'").

The Court also finds that the evidence in the record does not establish "the clearest proof" that the County Ordinance's civil remedy is so punitive that it converts the intended civil sanction into a criminal one. The ordinance prohibits providing specific counseling to minors. A violation is punishable by a relatively modest monetary penalty. It does not involve an affirmative disability or restraint, does not require a finding of scienter, does not involve behavior that has historically been regarded as punishment, does not involve conduct that is already a crime, and does not appear excessive in relation to the stated non-criminal purpose. *See generally, W.B.H.,* 664 F.3d at 855-59. Although the monetary fine is intended to deter violations, which is a traditional aim of punishment, a deterrent effect or purpose does not automatically convert an enforcement scheme into criminal punishment. *See Id.* at 858.

For all these reasons, the Court finds that Plaintiffs cannot assert a Fifth Amendment objection based on the theory that the County Ordinance implicates criminal punishment. Their objections to Interrogatories 3, 4, 11, 12, and 20-22 on Fifth Amendment grounds are overruled.

Plaintiffs' objection to Interrogatory 19 is sustained on non-Fifth Amendment grounds, without prejudice and for the reasons stated on the record.

It is therefore ORDERED AND ADJUDGED that Plaintiffs have until **September 11, 2018** to respond to Defendant's discovery demands in accordance with the parameters stated on the record and set forth in this Order.

DONE and ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this 28th day of August, 2018.

_____
BRUCE REINHART
U.S. MAGISTRATE JUDGE