IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA

ROBERT W. OTTO, PH.D. LMFT, individually and on behalf of his patients, JULIE H. HAMILTON, PH.D., LMFT, individually and on behalf of her patients,

Plaintiffs,

v.

CITY OF BOCA RATON, FLORIDA, and COUNTY OF PALM BEACH, FLORIDA,

Defendants.

Civil Action No.: 9:18-cv-80771-RLR

**PLAINTIFFS' SECOND AMENDED**
**NOTICE OF TAKING DEPOSITIONS OF DEFENDANTS**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6), Federal Rules of Civil Procedure, the Court's Amended Discovery Plan for Preliminary Injunction Motion (DE 50, "Discovery Plan"), and the agreement of the parties, Plaintiffs will take the following depositions upon oral examination before a court reporter or some other officer duly authorized by law to take depositions, at the dates, times, and locations shown for the witnesses (or at such other date(s), time(s), and location(s) as to which the parties may mutually agree), for the purpose of discovery or as evidence in this action, which depositions will be recorded by stenographic means:

| WITNESS | DATE, TIME | LOCATION |
|---|---|---|
| COUNTY OF PALM BEACH, FLORIDA | September 20, 2018<br>9:00 A.M. | Palm Beach County Attorney's Office<br>300 North Dixie Highway, Suite 359<br>West Palm Beach, FL 33401 |
| CITY OF BOCA RATON, FLORIDA | September 21, 2018<br>9:00 A.M. | Boca Raton City Hall<br>201 West Palmetto Park Road<br>Boca Raton, FL 33432 |

Each deposition will commence on the date and time specified and continue thereafter until the deposition has been completed.



## DESCRIPTION OF MATTERS FOR EXAMINATION

Each Defendant, pursuant to Rule 30(b)(6), Federal Rules of Civil Procedure, will designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on the Defendant's behalf, regarding the matters for examination set forth below, subject to the definitions also set forth below.

## DEFINITIONS

The following definitions apply to the matters for examination below:

A. "**Minor**" means an individual under eighteen (18) years of age.

B. As directed to Defendant City of Boca Raton, Florida, the "**Ordinance**" means City of Boca Raton Ordinance 5407, adopted by the City Council of the City of Boca Raton, Florida on October 10, 2017.

C. As directed to Defendant County of Palm Beach, Florida, the "**Ordinance**" means Palm Beach County Ordinance No. 2017-046, adopted by the Board of County Commissioners of Palm Beach County, Florida on December 19, 2017.

D. "**SOCE**" means sexual orientation change efforts, including without limitation any counseling, practice, or treatment that assists an individual in changing his or her sexual orientation or gender identity, and further including without limitation any efforts to change behaviors, gender identity, or gender expression, or to eliminate or reduce sexual or romantic attractions or feelings towards individuals of the same gender or sex.

## MATTERS FOR EXAMINATION

1. Defendant's purported interest in banning SOCE counseling for minors, including without limitation any complaint or other evidence of alleged harm Defendant sought, obtained, received, or considered prior to enacting the Ordinance.

2. Any evidence that any minor within Defendant's jurisdiction was subjected to SOCE counseling against his or her will, which Defendant sought, obtained, received, or considered prior to enacting the Ordinance.

3. Any evidence of alleged harm posed by voluntary SOCE counseling for minors who desire, request, or willingly consent to SOCE counseling, which Defendant sought, obtained, received, or considered prior to enacting the Ordinance.

4. Any evidence of alleged harm caused by voluntary SOCE counseling for minors within Defendant's jurisdiction who desired, requested, or willingly consented to SOCE

counseling, which Defendant sought, obtained, received, or considered prior to enacting the Ordinance.

5. Any evidence that minors lack the ability to consent to voluntary SOCE counseling, or have the ability to consent to other treatments or procedures such as abortions, gender transition/reassignment, or same-sex relationship-affirming counseling, which Defendant sought, obtained, received, or considered prior to enacting the Ordinance.

6. Any ~~**less restrictive**~~ alternative to the Ordinance which Defendant considered prior to adopting the Ordinance, and all reasons for rejecting any such alternative.

7. All communications and coordination, between Defendant and Equality Florida or any other advocacy group, regarding the Ordinance or any other effort to ban SOCE for minors.

8. Defendant's consideration, debate, enactment, interpretation, application, and enforcement of the Ordinance, including Defendant's internal and external communications regarding same.

**9. The factual matters disclosed in any declaration or affidavit filed by Defendant in opposition to Plaintiffs' Motion for Preliminary Injunction (DE 8).**

**10. [Deleted].**

**11. [Deleted].**

**12. Defendant's document production efforts and sources, for any document production pursuant to Rule 26(a)(1) or any written discovery requests, including without limitation—**

**a. the physical or digital/electronic locations of the documents produced;**

**b. the time period(s) covered by the documents produced;**

**c. the search terms used to locate potentially responsive, electronically stored documents; and**

**d. the document custodian(s) consulted for responsive documents or from whom the documents were obtained for production.**

13. The extent to which Defendant regulates: (a) any other clinical practice methods besides SOCE counseling; (b) any other types of clients or services that mental health professionals are permitted to serve or offer, besides SOCE counseling or clients who seek SOCE counseling; (c) any other mental health professionals or professions, besides marriage and family therapy or marriage and family therapists; or (d) any other professions, professionals or professional conduct,

besides mental health professions, mental health professionals or SOCE counseling. Without limitation, this topic includes any other ordinances or regulations that Defendant has considered, enacted or enforced as to sub-topics (a)-(d).[1]

/s/ Roger K. Gannam
Mathew D. Staver
Horatio G. Mihet
Roger K. Gannam
LIBERTY COUNSEL
P.O. Box 540774
Orlando, FL 32854
Phone: (407) 875-1776
Fax: (407) 875-0770
Email: rgannam@LC.org
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this September 13, 2018, I caused a true and correct copy of the foregoing to be served via electronic mail on counsel for each party of record, including:

Rachel Fahey
Primary Email: rfahey@pbcgov.org
Secondary Email: dfishel@pbcgov.org
Kim Phan, Esquire
Primary Email: kphan@pbcgov.org
Secondary Email: ldennis@pbcgov.org
PALM BEACH COUNTY ATTORNEY OFFICE
*Attorneys for Defendant Palm Beach County, Florida*

Daniel L. Abbott
Primary email: dabbott@wsh-law.com
Secondary email: pgrotto@wsh-law.com
Jamie A. Cole
Primary email: jcole@wsh-law.com
Secondary email: msarraff@wsh-law.com
Anne R. Flanigan
Primary email: areilly@wsh-law.com
WEISS SEROTA HELFMAN COLE & BIERMAN, P.L.
*Attorneys for Defendant City of Boca Raton, Florida*

/s/ Roger K. Gannam
Roger K. Gannam
*Attorney for Plaintiffs*

---

1 Judge Reinhart sustained Defendants' respective objections to this topic in his bench ruling on September 12, 2018 (DE 87). Plaintiffs, however, will file an objection to the ruling in due course, and retain this topic pending Judge Rosenberg's disposition of Plaintiffs' objection.