**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 9:18-CV-80771-ROSENBERG/REINHART**

ROBERT W. OTTO, et al.,

Plaintiffs,

v.

CITY OF BOCA RATON, FLA., and
COUNTY OF PALM BEACH, FLA.,

Defendants.

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' PARTIALLY UNOPPOSED BILL OF COSTS

Pursuant to 28 U.S.C. § 1920 and L.R. 7.3(c), Plaintiffs Robert Otto and Julie Hamilton respectfully request the Court to enter their Bill of Costs, and to award Plaintiffs the sum of $6,101.44, jointly and severally against Defendants City of Boca Raton, Florida, and County of Palm Beach, Florida, as and for Plaintiffs' reasonable taxable costs which Plaintiffs necessarily incurred in this action for services that were actually and necessarily performed.

Plaintiffs seek taxable costs in only two categories, both of which are expressly permitted under 28 U.S.C. § 1920: (a) "fees of the clerk" in the amount of $905.00 (the filing fee for this action, and the filing fee for Plaintiffs' successful appeal), 28 U.S.C. § 1920(1); and (b) "fees for printed or electronically recorded transcripts" in the amount of $5,196.44 (for obtaining various transcripts used by Plaintiffs in this court and in their appeal). 28 U.S.C. § 1920(2).

Pursuant to L.R. 7.3(c), Plaintiffs have included with their proposed Bill of Costs copies of their invoices for each of the costs claimed by Plaintiffs.

Pursuant to L.R. 7.3(c), Plaintiffs have met and conferred with counsel for each Defendant regarding the Bill of Costs. The County has advised Plaintiffs that the County has no objection to the Bill of Costs. The City has advised Plaintiffs that the City has no objection to the specific costs sought by Plaintiffs. Therefore, the type of costs sought by Plaintiffs, and the total amount, is **unopposed**.

The City has advised Plaintiffs that the City does object to entry of the costs jointly and severally against both Defendants, and, specifically, the City objects to "taxation of costs against it for the claims unrelated to the City (*i.e.*, the transcripts for the County deponent and meeting)." Notwithstanding the City's objection, the costs judgment should be entered jointly and severally against both Defendants. "The default rule is that costs are to be imposed jointly and severally, and the burden is on the party seeking to avoid that to introduce evidence justifying apportionment and persuade the court to do that." *State Farm Fire & Cas. Co. v. Silver Star Health & Rehab*, 739 F.3d 579, 585–86 (11th Cir. 2013), citing *In re Paoli R.R. Yard PCB Litigation*, 221 F.3d 449, 469 (3d Cir.2000).

Here, although the amount of damages paid by the County and City is slightly different, damages were only a secondary relief sought by Plaintiffs. The primary relief sought and obtained by Plaintiffs was the enjoinment of the City's and the County's unconstitutional ordinances (one ordinance each), which was meted out in equal parts against both Defendants.

Moreover, three additional facts demonstrate that the costs the City seeks to apportion are not "unrelated to the City," and therefore no cost apportionment is warranted or appropriate: a) Plaintiffs asserted **conspiracy** allegations against both Defendants jointly (including that Defendants conspired with each other and with third parties to violate Plaintiffs' constitutional rights by, among other unlawful conduct, enacting Defendants' respective ordinances) (*see e.g.*, First Amended Complaint, dkt. 182 ¶¶ 41-53, 345-53); b) each Defendant agreed to pay costs "for **all** of [Plaintiffs'] claims for relief," necessarily including the conspiracy claim (dkts. 196-1 at 1, 196-2 at 1, 203-1 at 1, 203-2 at 1 (emphasis added)); and (c) this Court entered Final Judgment against both Defendants "on **all** of [Otto's] and ["Hamilton's] claims for relief," necessarily including the conspiracy claim. (Dkt. 211 at 1 (emphasis added)). *See also State Farm Fire & Cas. Co.*, 739 F.3d at 586 ("joint and several imposition of costs was justified because this was, in essence, a conspiracy among the three defendants") (affirming joint and several liability for taxable costs and denying apportionment).

For these reasons, the Court should award Plaintiffs the full amount of taxable costs they seek ($6,101.44), which is not opposed by either Defendant, and the Court should impose that award jointly and severally against both the City and the County.

Respectfully submitted,

Dated: May 8, 2023

/s/ Horatio G. Mihet

Mathew D. Staver (FL Bar 0701092)
Horatio G. Mihet (FL Bar 026581)
Roger K. Gannam (FL Bar 240450)
**LIBERTY COUNSEL**
P.O. Box 540774
Orlando, FL 32854
Phone: (407) 875-1776
Email: court@lc.org

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 8, 2023, I caused a true and correct copy of the foregoing to be filed electronically with this Court. Service will be effectuated on all counsel of record via this Court's ECF/electronic notification system.

/s/ Horatio G. Mihet

Horatio G. Mihet

*Attorney for Plaintiffs*