IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA

ROBERT W. OTTO, PH.D. LMFT, )
individually and on behalf of his patients, )
and JULIE H. HAMILTON, PH.D., LMFT, )
individually and on behalf of her patients, ) Civil Action No. 9:18-cv-80771-RLR
)
    Plaintiffs, )
)
  v. )
)
CITY OF BOCA RATON, FLORIDA, and )
COUNTY OF PALM BEACH, FLORIDA, )
)
    Defendants. )

**PLAINTIFFS' VERIFIED MOTION
FOR ATTORNEY'S FEES AND NON-TAXABLE EXPENSES AND COSTS**

## TABLE OF CONTENTS

INTRODUCTION ...................................................................................................................1

MOTION..................................................................................................................................2

MEMORANDUM OF LAW ....................................................................................................4

I. Plaintiffs are entitled to attorney's fees for work on all their claims as prevailing parties under 42 U.S.C. § 1988................................................................................................. 4

   A. Plaintiffs are prevailing parties under 42 U.S.C. § 1988 because they obtained a merits-based preliminary injunction on their First Amendment claims and a final judgment for damages on all their claims...............................................................................................4

   B. Plaintiffs' prevailing party status under 42 U.S.C. § 1988 entitles them to attorney's fees for all work on all their claims. ..................................................................................6

II. The hours expended, the rates requested, and the costs incurred are reasonable. .................... 7

   A. Plaintiffs' request for attorney's fees is based on the lodestar method and presumed reasonable. ........................................................................................................................7

   B. The rates requested are reasonable in the relevant market. .................................................8

   C. The time expended by Plaintiffs' counsel was reasonable, and Plaintiffs' fee request reflects considerable exercise of billing judgment.................................................................9

   D. The requested non-taxable expenses are reasonable..........................................................11

III. Plaintiffs are entitled to an enhancement multiplier of 1.5....................................................... 11

CONCLUSION..........................................................................................................................12

VERIFICATION........................................................................................................................13

CERTIFICATE OF SERVICE .................................................................................................13

## INTRODUCTION

Plaintiffs brought this civil action under 42 U.S.C. § 1983 to challenge the constitutionality of Boca Raton City Ordinance 5407, "Prohibition Of Conversion Therapy On Minors," and Palm Beach County Ordinance 2017-046, "Prohibition Of Conversion Therapy On Minors" (collectively the "Ordinances"), under various statutory and constitutional provisions, including the First and Fourteenth Amendments to the United States Constitution. (DE 1 (V. Compl.), ¶ 2.) The Court denied Plaintiffs' motion for preliminary injunction, and the Eleventh Circuit reversed, holding that "the challenged ordinances violate the First Amendment because they are content-based regulations of speech that cannot survive strict scrutiny." *Otto v. City of Boca Raton*, 981 F.3d 854, 859 (11th Cir. 2020), *reh'g den.*, 41 F.4th 1271 (11th Cir. 2022). After the Eleventh Circuit denied rehearing and this Court entered the preliminary injunction (DE 168), Defendants repealed their respective Ordinances, citing the Eleventh Circuit's binding opinion that the Ordinances are unconstitutional. (DE 169-1 at 1 (Boca Raton repeal ordinance); DE 174-1 at 3 (Palm Beach County repeal ordinance).)

After additional proceedings concerning jurisdiction, discovery, and the amendment of Plaintiffs' complaint (DE 172, 176, 182, 195), each Defendant made an offer of judgment to each Plaintiff, for money damages "plus the [Defendant's] pro rata share of [Plaintiffs'] costs (including reasonable statutory attorney's fees when deemed to be a component of costs such as under 42 U.S.C. § 1988, as determined by the Court) accrued to date for all of [Plaintiffs'] claims for relief." (DE 196-1, 196-2, 203-1, 203-2.) Plaintiffs accepted the offers (DE 196, 203), and on April 6, 2023, the Court entered "Final Judgment in favor of Plaintiffs . . . and against Defendants . . . on all of Plaintiffs' claims for relief" (DE 211 at 1), awarding Plaintiffs "damages on all of [their] claims for relief." (DE 211 at 1–2.) By virtue of the merits-based preliminary injunction, accepted offers of judgment, and final judgment on all their claims, Plaintiffs are prevailing parties under 42 U.S.C. § 1988 and entitled to recover their attorney's fees and non-taxable expenses and costs for all work performed by their attorneys in the case.[1]

---

[1] Plaintiffs separately filed their Bill of Costs for $ 6,101.44 in taxable costs. (DE 213.)

## MOTION

Plaintiffs, as prevailing parties under 42 U.S.C. § 1988, and pursuant to Local Rules 7.1 and 7.3, move the Court for entry of an order awarding them their attorney's fees and non-taxable expenses and costs. In accordance with the specific requirements of Local Rule 7.3(a)(1) to (8), and in like-numbered paragraphs, Plaintiffs show the Court as follows in support of this motion:

(1) This motion is timely filed and served following entry of the Final Judgment on April 6, 2023 (DE 211), which gives rise to Plaintiffs' claim for attorney's fees and non-taxable expenses and costs.

(2) Plaintiffs are entitled to recover their attorney's fees and non-taxable expenses and costs as prevailing parties under 42 U.S.C. § 1988, by virtue of the merits-based preliminary injunction (DE 168) and final judgment (DE 211) they obtained, and Plaintiffs' entitlement is further confirmed by the terms of the offers of judgment they accepted (DE 196-1, 196-2, 203-1, 203-2).

(3) Plaintiffs seek attorney's fees in the amount of **$2,115,018.00** (applying a 1.5 enhancement multiplier) and non-taxable expenses and costs in the amount of **$12,864.30**, for a total award of **$2,127,882.30**. (*See* Declaration of Horatio G. Mihet in Support of Plaintiffs' Verified Motion for Attorney's Fees and Non-Taxable Expenses and Costs ("Mihet Declaration"), attached hereto as **Exhibit A**, ¶¶ 27, 29; Memorandum of Law, *infra*, pt. III.)

(4) Liberty Counsel represents Plaintiffs *pro bono* in this action, and Plaintiffs have contractually assigned to Liberty Counsel any fees and expenses they might ultimately be awarded by the Court. Plaintiffs' respective fee agreements with Liberty counsel provide, in pertinent part:

> Client understands that Liberty Counsel provides its representation at no cost to Client, and may, where permissible, request the court or administrative body to award attorney's fees and costs to be paid by the opposing party or parties in order to compensate Liberty Counsel, and any attorney or law firm working with or on behalf of Liberty Counsel, for attorney time, staff time, and costs expended with respect to the representation of Client. Client agrees to fully cooperate with Liberty Counsel with respect to any claim made by Liberty Counsel for the recovery of attorney's fees and costs against the opposing party or parties. Client also agrees and understands that any attorney's fees and costs recovered by Liberty Counsel from the opposing party or parties shall be paid directly to Liberty Counsel.

(Mihet Decl., ¶ 9.)

(5) The attached Mihet Declaration provides:

> (A) the identity, experience, and qualifications for each timekeeper for whom fees are sought;

2

(B) the number of hours reasonably expended by each such timekeeper;

(C) a description of the tasks done during those hours; and

(D) the hourly rate(s) claimed for each timekeeper.

(Mihet Decl. ¶¶ 2–7, 10–27, Ex. A-1.) Plaintiffs' requested attorney's fees can be summarized, by timekeeper, hours, and hourly rate, as follows:

| TIMEKEEPER | | HOURS | RATE | AMOUNT |
|---|---|---|---|---|
| Richard L. Mast | RLM | 17.20 | $625.00 | $10,750.00 |
| Mary E. McAlister | MEM | 30.70 | $700.00 | $21,490.00 |
| Daniel J. Schmid | DJS | 464.20 | $625.00 | $290,125.00 |
| Horatio G. Mihet | HGM | 710.80 | $700.00 | $497,560.00 |
| Roger K. Gannam | RKG | 653.80 | $700.00 | $457,660.00 |
| Mathew D. Staver | MDS | 119.20 | $760.00 | $90,592.00 |
| Paralegal | LGA | 48.80 | $150.00 | $7,320.00 |
| Law Clerk | LAW | 230.10 | $150.00 | $34,515.00 |
| | TOTALS: | 2,274.80 | | $1,410,012.00 |
| TOTAL AFTER 1.5 ENHANCEMENT MULTIPLIER: | | | | $2,115,018.00 |

(Mihet Decl., ¶ 26.)[2]

(6) The attached Mihet Declaration describes and documents with invoices all incurred and claimed fees and expenses not taxable under 28 U.S.C. § 1920. (Mihet Decl., ¶¶ 29-30, Ex. A-2.)

(7) All facts supporting this motion are verified through the Mihet Declaration and through the Verification at the end of this Memorandum.

(8) Prior to filing this motion, pursuant to Local Rule 7.3(b), Plaintiffs served a draft of this motion on Defendants and made a good faith effort to resolve by agreement the issues raised in the motion. As a result, the parties resolved by agreement Plaintiffs' prevailing party status under 42 U.S.C. § 1988, leaving the following issues for decision by the Court: the amount of attorney's fees and nontaxable expenses recoverable by Plaintiffs under 42 U.S.C. § 1988, including the

---

[2]  Plaintiffs will supplement this motion with the additional amounts incurred litigating the amount of attorney's fees and nontaxable expenses and costs to which they are entitled.

reasonableness of the hours worked and hourly rates sought and the availability of an enhancement multiplier.

The following memorandum of law further supports Plaintiffs' motion.

## MEMORANDUM OF LAW

**I. Plaintiffs are entitled to attorney's fees for work on all their claims as prevailing parties under 42 U.S.C. § 1988.**

**A. Plaintiffs are prevailing parties under 42 U.S.C. § 1988 because they obtained a merits-based preliminary injunction on their First Amendment claims and a final judgment for damages on all their claims.**

Under the Civil Rights Attorney's Fees Award Act, 42 U.S.C. § 1988, "the court, in its discretion, may allow the prevailing party [in civil rights litigation under 42 U.S.C. § 1983] a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). While the language of the statute is discretionary, however, "[a] prevailing party should recover attorney's fees unless special circumstances render such an award unjust." *Riddell v. Nat'l Democratic Party*, 624 F.2d 539, 543 (5th Cir. 1980).[3]

"Plaintiffs may be considered prevailing parties for attorney's fee purposes if they succeed on *any* significant issue in litigation which achieves *some* of the benefit the party sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (emphasis added). The Supreme Court has defined a prevailing party as one "'in whose favor judgment is rendered, regardless of the amount of damages awarded.'" *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001) (quoting *Black's Law Dictionary* 1145 (7th ed. 1999)). But prevailing party status under 42 U.S.C. § 1988 does not depend on a judgment. Rather, "the touchstone of the prevailing party inquiry . . . is the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." *Sole v. Wyner*, 551 U.S. 74, 82 (2007) (cleaned up). Thus, a plaintiff may be considered a prevailing party if he obtains a "court-ordered change in the legal relationship between the plaintiff and the defendant." *Buckhannon*, 532 U.S. at 604 (cleaned up).

---

[3] The decisions of the Fifth Circuit through September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).

4

The Eleventh Circuit interprets these principles "to require either (1) a situation where a party has been awarded by the court at least some relief on the merits of his claim or (2) a judicial imprimatur on the change in the legal relationship between the parties." *Common Cause/Georgia v. Billups*, 554 F.3d 1340, 1356 (11th Cir. 2009). Under controlling Eleventh Circuit precedent, obtaining a judgment meets the first requirement, *see Utility Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc.*, 298 F.3d 1238, 1248 (11th Cir. 2002) ("An enforceable judgment establishes a plaintiff as a prevailing party because the plaintiff has received at least some relief based upon the merits of a claim."), and obtaining a preliminary injunction "on the merits" meets the second. *Common Cause/Georgia*, 554 F.3d at 1356 ("We have stated that a preliminary injunction on the merits entitles one to prevailing party status and an award of attorney's fees. . . . [T]he underlying rule that a preliminary injunction is a material alteration of the legal relationship of the parties remains good law."); *see also Taylor v. City of Fort Lauderdale*, 810 F.2d 1551, 1558 (11th Cir. 1987) ("[A] preliminary injunction on the merits, as opposed to a merely temporary order which decides no substantive issues but merely maintains the status quo, entitles one to prevailing party status and an award of attorney's fees.").[4] Thus, as was the case in *Common Cause/Georgia*, a plaintiff "prevails" under section 1988 where a court preliminarily enjoins the government's enforcement of a challenged rule, and the government subsequently repeals or repudiates the challenged rule.

Plaintiffs satisfy both the judgement and merits-based preliminary injunction criteria for prevailing party status under section 1988. Plaintiffs' Final Judgment was against Defendants "on all of Plaintiffs' claims for relief," and awarded Plaintiffs "damages on all of [their] claims for relief." (DE 211 at 1–2.) And the preliminary injunction Plaintiffs obtained against enforcement of Defendants' respective Ordinances was on the merits, as opposed to merely maintaining the status quo, because the injunction was compelled by the Eleventh Circuit's holding that "the challenged ordinances violate the First Amendment because they are content-based regulations of speech that cannot survive strict scrutiny." *Otto*, 981 F.3d at 859. (Order, DE 168, at 1–2 ("The Eleventh Circuit remanded for entry of a preliminary injunction consistent with this opinion." (cleaned up)).)

---

[4] This holding from *Taylor* is the "rule" the *Common Cause/Georgia* court held "remains good law." *See* 554 F.3d at 1356.

5

### B. Plaintiffs' prevailing party status under 42 U.S.C. § 1988 entitles them to attorney's fees for all work on all their claims.

The offers of judgment accepted by Plaintiffs, specifying the inclusion of "costs (including reasonable statutory attorney's fees when deemed to be a component of costs such as under 42 U.S.C. § 1988, as determined by the Court) accrued to date for all of [Plaintiffs'] claims for relief" (DE 196-1, 196-2, 203-1, 203-2), entitle Plaintiffs to attorney's fees for work on all their claims because all Plaintiffs' claims arise from the same nucleus of operative fact. *See, e.g.*, *Church of Scientology of Cal. v. Cazares*, 638 F.2d 1272, 1291 (5th Cir. 1981) (holding award of fees for entire litigation arising from same nucleus of operative fact appropriate); *see also Zabkowicz v. West Bend Co.*, 789 F.2d 540, 550 (7th Cir. 1986) (holding, where claims arise out of same nucleus of operative fact, prevailing plaintiff is entitled to fees on entire complaint even if some claims found unsuccessful); *Club Madonna, Inc. v. City of Miami Beach*, No. 13-23762-CIV-LEONARD/GOODMAN, 2015 WL 5559894, *6–8 (S.D. Fla. Sept. 22, 2015) (same). As the Supreme Court observed,

> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.

*Hensley*, 461 U.S. at 435 (cleaned up).

Plaintiffs' federal constitutional claims and pendent Florida constitutional and statutory claims all arise from the same operative facts: Defendants' illegal enactments of their respective Ordinances. To resolve Plaintiffs' essential challenge to the Ordinances, among all counts, "the primary focus [*i.e.*, operative fact] by definition must be the text." *Adler v. Duval Cnty. Sch. Bd.*, 250 F.3d 1330, 1339 n.2 (11th Cir. 2001); *see also Planned Parenthood Sw. Ohio Region v. DeWine*, 696 F.3d 490, 501 (6th Cir. 2012) ("Statutory challenges will certainly all contain at least one common operative fact—the passage of the challenged law."). Because all Plaintiffs' claims arise from the same nucleus of operative fact, Plaintiffs are entitled to fees for "all hours reasonably

expended in the litigation." *Hensley*, 461 U.S. at 435.[5] Thus, the accepted offers of judgment entitle Plaintiffs to section 1988 attorney's fees for all work done in the case.

## II. The hours expended, the rates requested, and the costs incurred are reasonable.

### A. Plaintiffs' request for attorney's fees is based on the lodestar method and presumed reasonable.

"A reasonable attorney fees award under 42 U.S.C. § 1988 is 'properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Blum v. Stenson,* 465 U.S. 886, 888 (1984)). This is "the lodestar method." *DJ Lincoln Enters., Inc. v. Google, LLC*, No. 20-CV-14159-Rosenberg/Reinhart, 2022 WL 4287640, at *6 (S.D. Fla. July 28, 2022), *report and recommendation adopted*, 2022 WL 3754182 (S.D. Fla. Aug. 30, 2022). "A lodestar figure that is based upon a reasonable number of hours spent on a case multiplied by a reasonable hourly rate is itself strongly presumed to be reasonable." *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.3d 1144, 1150 (11th Cir. 1993).[6]

To prove the lodestar—

> The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates. That burden includes supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures

---

[5] Even if Plaintiffs had only prevailed on one or more of their pendent state law claims, they would still be prevailing parties entitled to fees under section 1988 because the claims arose out of the same nucleus of operative fact as Plaintiffs' section 1983 claims. *See Church of Scientology*, 638 F.2d at 1291 ("'Congress intended fees to be awarded where a pendent constitutional claim is involved, even if the . . . claim on which the plaintiff prevailed is one for which fees cannot be awarded under the Act.'" (quoting *Maher v. Gagne*, 448 U.S. 122, 132 n.15 (1980))); *Club Madonna, Inc*, 2015 WL 5559894, *6–8 (S.D. Fla. Sept. 22, 2015) (holding that party prevailing on pendent claim where constitutional claim not adjudicated entitled to prevailing party status and fees). Nor can the amount of Plaintiffs' damages awards be argued to reduce the full fee to which Plaintiffs are entitled. *See City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986) ("We reject the proposition that fee awards under § 1988 should necessarily be proportionate to the amount of damages a civil rights plaintiff actually recovers.").

[6] When a plaintiff receives legal services pro bono from a public interest law firm, the presumptively reasonable lodestar method for calculating a prevailing party fee award still applies. *See Blanchard v. Bergeron*, 489 U.S. 87, 95 (1989) ("That a nonprofit legal services organization may contractually have agreed not to charge any fee of a civil rights plaintiff does not preclude the award of a reasonable fee to a prevailing party in a § 1983 action, calculated in the usual way.").

7

> ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity.

*DJ Lincoln*, 2022 WL 4287640, at *7 (cleaned up) (quoting *Barnes*, 168 F.3d at 427). Plaintiffs satisfy their burden here by establishing entitlement from the record (*see* pt. I, *supra*), and providing as Exhibit A to this motion the Mihet Declaration which verifies the Time Report attached as Exhibit A-1 thereto, detailing the time entries personally and contemporaneously recorded by Plaintiffs' attorneys and legal staff, showing the specific tasks performed by each timekeeper, and otherwise provides the factual support for all the fees and expenses claimed by Plaintiffs.[7] Plaintiffs' presumptively reasonable lodestar calculation can be summarized as follows:

| TIMEKEEPER | | HOURS | RATE | AMOUNT |
|---|---|---|---|---|
| Richard L. Mast | RLM | 17.20 | $625.00 | $10,750.00 |
| Mary E. McAlister | MEM | 30.70 | $700.00 | $21,490.00 |
| Daniel J. Schmid | DJS | 464.20 | $625.00 | $290,125.00 |
| Horatio G. Mihet | HGM | 710.80 | $700.00 | $497,560.00 |
| Roger K. Gannam | RKG | 653.80 | $700.00 | $457,660.00 |
| Mathew D. Staver | MDS | 119.20 | $760.00 | $90,592.00 |
| Paralegal | LGA | 48.80 | $150.00 | $7,320.00 |
| Law Clerk | LAW | 230.10 | $150.00 | $34,515.00 |
| | TOTALS: | 2,274.80 | | $1,410,012.00 |

(Mihet Decl., ¶ 27.)

### B. The rates requested are reasonable in the relevant market.

For lodestar purposes, "[a] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). "[T]he Court may consider prior hourly rates awarded to other attorneys of similar experience in

---

[7] Although Plaintiffs avoid duplicating herein the majority of the content of the Mihet Declaration, the entirety of the Declaration is critical to Plaintiffs' fee claim and commended to the Court for consideration.

8

the community as well as the Court's own knowledge of the rates charged by local practitioners." *DJ Lincoln*, 2022 WL 4287640, at *7.

The Mihet Declaration (¶¶ 3–8, 18–26) establishes that the hourly rates requested in Plaintiffs' fee petition—$760 for Mr. Staver, $700 for Mr. Mihet, Mrs. McAlister, and Mr. Gannam, $625 for Mr. Mast and Mr. Schmid, and $150 for Mrs. Schmid and Mr. Piedra—for complex constitutional litigation in Palm Beach County, are reasonable for attorneys and staff of comparable qualifications and experience and are commensurate with the prevailing market rates for attorneys and staff practicing or appearing in Palm Beach County, as determined recently by this Court. *See DJ Lincoln*, 2022 WL 4287640, at *9. Indeed, Plaintiffs here seek hourly rates no higher than what this Court awarded in *DJ Lincoln* to similarly qualified attorneys and staff last year, even though the passage of time, rising inflation, and increasing market rates over the past year would certainly justify an upward adjustment to those year-old rates. *See id.* at *8.

### C. The time expended by Plaintiffs' counsel was reasonable, and Plaintiffs' fee request reflects considerable exercise of billing judgment.

"Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice is ethically obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434; *see also Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d d1144, 1149 (11th Cir. 1993) (noting that attorneys seeking fees should exercise billing judgment prior to submitting their request). But, "where a [l]itigant has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation." *Hensley*, 461 U.S. at 434. Thus,

> If the result was excellent, then the court should compensate for all hours reasonably expended. . . . Where all theories derive from a common core of operative facts, the focus should be on the significance of overall results as a function of total reasonable hours. . . . The vindication of a constitutional right is important even if only a small amount of money is involved.

*Norman*, 836 F.2d at 1302.

Here, the time submitted by Plaintiffs' counsel for compensation is reasonable and reflects the exercise of considerable billing judgment. Based on the conferences between Plaintiffs' and Defendants' respective counsel regarding the draft of this motion, however, Plaintiffs anticipate Defendants will argue, *inter alia*, that the amount of Plaintiffs' counsel's work was unreasonable. But, as explained in the Mihet Declaration, this case was actively and vigorously litigated over

9

many years, and Plaintiffs' counsel's work was necessitated by the breadth of contested issues and Defendants themselves. (Mihet Decl., ¶¶ 10–12.) For example, the parties' discovery efforts preceding the hearing on Plaintiffs' motion for preliminary injunction included several vigorously contested discovery disputes, requiring briefing and hearings before the Court and numerous related conferences between counsel. (*See, e.g.*, Docs. 27–31, 40, 42, 46, 48–51, 60–61, 63, 69, 71, 74–75.) The parties exchanged approximately **18,290 pages of documents in discovery**, including approximately 17,400 pages produced by Defendants, which required Plaintiffs' careful review and incorporation into deposition and argument outlines on an expedited preliminary injunction timetable. (Mihet Decl., ¶¶ 11.) Plaintiffs' development of and engagement with the evidentiary record proved critical to their ultimate success in the Eleventh Circuit, and justified Plaintiffs' counsel's thorough effort. *See, e.g.*, *Otto v. City of Boca Raton*, 981 F.3d 854, 868–69 (11th Cir. 2020) ("But when examined closely, these documents offer assertions rather than evidence, at least regarding the effects of purely speech-based SOCE."), *id.* at 869 n.9 ("We reiterate that strict scrutiny is a 'demanding standard,' and because the government bears the risk of uncertainty, 'ambiguous proof' will not suffice."), *reh'g denied*, 41 F.4th 1271 (11th Cir. 2022).

Defendants also sometimes refused to consent even to modest extensions of time, which required Plaintiffs to file contested motions that the Court granted. (*See, e.g.*, Docs. 92–93, 186–87.) Furthermore, even after Plaintiffs won the case at the Eleventh Circuit and the mandate issued requiring enjoinment of Defendants' unconstitutional Ordinances, Defendants engaged in a great deal of effort to avoid the natural consequence of that victory—the entry of a preliminary injunction. (Mihet Decl., ¶ 12.g.) This required Plaintiffs to expend a substantial amount of effort to obtain follow-up review and enforcement from the Eleventh Circuit, via a successful mandamus petition, which ultimately resulted in the entry of a preliminary injunction against Defendants. (*See* Docs. 150, 154–58, 161–62, 164–68.) Thus, Defendants' zealous advocacy necessitated a proportionate response, and unfortunately multiplied the efforts Plaintiffs were required to expend to vindicate their fundamental rights. (Mihet Decl. ¶ 12.g.)

Despite the vigorous opposition faced by Plaintiffs, Plaintiffs' counsel nonetheless took care to keep fees and costs down. (Mihet Decl., ¶ 12.) Moreover, Plaintiffs' requested fees reflect the exercise of considerable care and billing judgment to exclude time determined to be duplicative, excessive, redundant, or non-compensable, resulting in the exclusion of the entirety of two attorneys' time out of an abundance of caution. (Mihet Decl., ¶¶ 12–16.) Given the excellent results

10

achieved by Plaintiffs in vindicating their constitutional rights, and the quality of advocacy performed by Plaintiffs' counsel against formidable opposing counsel (as recognized by the Court[8]), the time expended by Plaintiffs' counsel was reasonable, necessary, and fully compensable. (Mihet Decl., ¶ 17.)

### D. The requested non-taxable expenses are reasonable.

Section 1988 allows the recovery of all reasonable litigation expenses except routine overhead. *See Dowdell v. City of* Apopka, 698 F.2d 1181, 1192 (11th Cir. 1983). And the standard for reasonableness "is to be given a liberal interpretation." *Id.* As shown in the Mihet Declaration, Plaintiffs' counsel took care to keep expenses low, and all expenses incurred by Plaintiffs are reasonable under the liberal governing standard. (Mihet Decl., ¶¶ 12.h & i, 29–30.)

## III. Plaintiffs are entitled to an enhancement multiplier of 1.5.

An enhancement of the lodestar calculation is permissible and warranted where, as here, "the lodestar does not adequately take into account a factor that may be properly considered in determining a reasonable fee." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010). The factors that may be properly considered are "the so-called *Johnson* factors," *DJ Lincoln*, 2022 WL 4287640, at *6, and include the undesirability of the case. *See generally Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d 714, 717–18 (5th Cir. 1974). Though presumptively reasonable, the lodestar in this case does not adequately take into account the undesirability of the case, and an enhancement multiplier is justified.

Describing this case as "undesirable" is an understatement. Civil rights litigation in general "is seen as very undesirable because it stigmatizes an attorney," and "the results of such litigation tend to arouse the emotions of all concerned, and frequently the attorneys who bring these cases are the subjects of prolonged and vitriolic hostility." *Gay Lesbian Bisexual Alliance v. Sessions*, 930 F. Supp. 1492, 1497 (M.D. Ala. 1996) (cleaned up). So it was in this case, litigating the rights of political and cultural dissenters—licensed counselors who are open to facilitating the change goals of minors with unwanted same-sex attractions and gender identity issues—against municipal governments that stridently and publicly condemn their work. (Mihet Decl., ¶ 22.) Even opposing counsel took a turn, comparing Plaintiffs' counseling speech to treating blood disorders with

---

[8]   Tr., Doc. 88-1, at 12:13–21 (Reinhart, J.) ("And let me compliment all counsel. . . . I see professionalism. I see outstanding lawyering on both sides of this case.").

11

Case 9:18-cv-80771-RLR   Document 221   Entered on FLSD Docket 06/12/2023   Page 14 of 15

leeches. (Mihet Decl., ¶ 22 (citing Tr., Doc. 129, at 197:3–10).) And the undesirability is not limited to Palm Beach County, for opposing counsel in a related litigation challenging an almost identical Tampa ordinance compared the similarly situated counseling plaintiffs there to "those who are convinced the Earth is flat." (Mihet Decl., ¶¶ 22.) The Eleventh Circuit also noticed the undesirability of the case, observing, "The perspective enforced by these local policies is extremely popular in many communities. And the speech barred by these ordinances is rejected by many as wrong, and even dangerous." *Otto v. City of Boca Raton*, 41 F.4th 1271, 1272 (11th Cir. 2022) (Grant, J., concurring in the denial of rehearing). Then, after finally obtaining a preliminary injunction against enforcement of the unconstitutional Ordinances, the City of Boca Raton went out of its way to remind Plaintiffs that their licensed, professional practices are not welcome, expressly condemning their protected speech by formal resolution. (Mihet Decl., ¶ 22.)

Based on the heavy weight of the undesirability factor, the Court would be justified in applying a significant lodestar enhancement multiplier of 2.0 or more. Plaintiffs, however, seek a modest multiplier of 1.5, which is more than reasonable under all the circumstances, and supported by cases that have considered both enhancement and undesirability. *See, e.g.*, *Ingraham v. The Coca-Cola Co.*, 200 F.R.D. 685 (N.D. Ga. 2001) (noting multiplier of 2.5 to 4.0 was reasonable); *Hidle v. Geneva Cnty. Bd. of Educ.*, 681 F. Supp. 752, 756 (M.D. Ala. 1988) (awarding multiplier of 2.0); *Stokes v. City of Montgomery*, 706 F. Supp. 811 (M.D. Ala. 1988) (awarding multiplier of 2.0); *Ryder v. Diversified Ambulance Billing, LLC*, No. 8:09-cv-2058-T-27TGW, 2011 WL 13323560, *3 (M.D. Fla. Sept. 13, 2011) (awarding multiplier of 1.8); *Holman v. Student Loan Xpress, Inc.*, 778 F. Supp. 2d 1306 (M.D. Fla. 2011) (awarding multiplier of 1.77); *cf. McDonald v. Geico Gen. Ins. Co.*, No. 8:05-CV-73-T-17MAP, 2008 WL 11439373, at *6 (M.D. Fla. Sept. 8, 2008) (awarding multiplier of 1.5 under Florida law); *Levesque v. Gov't Emps. Ins. Co.*, No. 15-14005-CIV-MARRA/MAYNARD, 2022 WL 1679224, at *9 (S.D. Fla. Mar. 11, 2022) (awarding multiplier of 1.5 under Florida law). When applied to Plaintiffs' lodestar fee amount of $1,410,012.00, the requested 1.5 enhancement multiplier results in a total fee of $2,115,018.00.

## CONCLUSION

For all the foregoing reasons, the Court should grant Plaintiffs' motion and award Plaintiffs $2,115,018.00 for attorney's fees and $12,864.30 for nontaxable expenses and costs, for a total award of $2,127,882.30.

12

Respectfully submitted,

/s/ Horatio G. Mihet
Mathew D. Staver (Fla. 0701092)
Horatio G. Mihet (Fla. 026581)
Roger K. Gannam (Fla. 240450)
LIBERTY COUNSEL
P.O. Box 540774
Orlando, FL 32854
Phone: (407) 875-1776
E-mail: court@lc.org

Attorneys for Plaintiffs

## VERIFICATION

I DECLARE under penalty of perjury that the factual representations in the foregoing motion are true and correct.

Executed on June 12, 2023.

s/ Horatio G. Mihet
Horatio G. Mihet

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2023, I electronically served a draft of this motion, pursuant to L.R. 7.3(b), upon counsel for Defendants, including:

| | |
|---|---|
| Anne Flanigan (Aflanigan@wsh-law.com) | Marianna Sarkisyan (MSarkisyan@pbcgov.org) |
| Jamie Alan Cole (JCole@wsh-law.com) | Eric Reichenberger (EReichenberger@pbcgov.org) |
| Daniel L. Abbott (DAbbott@wsh-law.com) | |
| Counsel for Defendant City of Boca Raton | Counsel for Defendant County of Palm Beach |

I further certify that on June 12, 2023, I filed a copy of this motion electronically with the Court via the CM/ECF system, which will effectuate electronic service upon all counsel and parties of record.

s/ Horatio G. Mihet
Horatio G. Mihet